UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NESTOR QUEZADA, on behalf of HIMSELF and all others similarly situated, <br><br> Plaintiff, <br> vs. <br><br> BMV REO, INC., a domestic Corporation, <br><br> Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff, by his undersigned attorneys, as and for his Complaint, alleges as follows:

### NATURE OF ACTION AND PARTIES

1. Plaintiff brings this class action for unpaid wages earned, monetary damages, liquidated damages, declaratory and injunctive relief and other equitable and ancillary relief pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* This action is brought as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

2. The case is also brought pursuant to the Fair Labor Standards Act, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* This action is brought as a collective action pursuant 29 U.S.C. §216(b).

3. The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and §1367. The Court has supplemental jurisdiction over the state law claims.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

5. Plaintiff Nestor Quezada was employed by Defendant to engage in the various services of property preservation. Defendant implemented a common scheme whereby Plaintiff was not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* and the FLSA, 29 U.S.C.A. §216.

6. Defendant accomplished this by wrongly classifying Plaintiff and others as independent contractors when in fact they were employees. In so doing, Defendant did not pay Plaintiff and other similarly situated persons overtime although they were routinely required to work more than 40 hours per week.

7. The similarly situated individuals Plaintiff seeks to represent performed property preservation services for BMV REO. Defendant knowingly and willfully failed to pay their wages in accordance with applicable federal and state laws, including but not limited to minimum wage and overtime wages. The Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this as a state law class action under Fed. R. Civ. P. 23(b)(3) for violations of Illinois State Wage and Hour Laws and as a collective action under the FLSA..

8. Upon information and belief, at all times hereinafter mentioned, Defendant BMV REO was and still is a domestic corporation headquartered in Chicago, Illinois. BMV REO describes its business as follows:

"We offer full property preservation services for Mortgage Field Service providers, Brokers, & Banks. Today, no company can compete with our timeframes, quality, prices & communications BMVREO Specializes in the following services. Mold Remediation Initials Services Debris Removal Snow Removal Landscaping 24 hour securing 24 hour winterizations 24 hour boarding & clear boarding Evictions Pre-sale Convey Maintenance High Risk Code Enforcement Estimates & Repairs Initial Maid Services Refreshes Pool Maintenance and many more..".

## GENERAL ALLEGATIONS

9. Mr. Quezada brings this action as a class action for all persons who at any point in the last 3 years were: (a) Illinois residents, (b) worked for BMV REO in property preservation services; (c) were treated as independent contractors; and (d) were not paid overtime. (Hereinafter these persons shall be referred to as "putative class members").

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff and the putative class members have a contract to perform work for the Defendants for a set period of time. The contract describes them as independent contractors, but in truth and in fact, they are employees.

11. Plaintiff and the putative class members work regular shifts and they do so at locations assigned to them by the Defendant.

12. Plaintiff and the putative class members worked for Defendant in property preservation services.

13. The work performed by Plaintiff and the putative class members is the primary way in which Defendant provides its services to its customers.

14. At or around the time of hiring, Defendants trained Plaintiff and the putative class members on the business of BMV REO.

15. Plaintiff and the putative class members must adhere to specific company rules when working. New employees were paired up with current employees to see how jobs were executed. They were also given a set of papers at times that served as a manual or set of instructions on how to do specific parts of the job e.g. Taking out the trash.

16. During the majority of the weeks of their employment, Plaintiff and the Class worked at least 50 hours per week. Putative class members were required by Defendant to work the same and/or similar schedule which was fixed by BMV REO and not controlled by the workers.

17. Defendant required Plaintiff to wear BMV REO clothing Defendant gave BMV REO logo shirts to its employees. BMV REO logo hats were given to employees and they were encouraged to wear the hats when they worked.

18. Defendant determined which properties Plaintiff and the putative class members would perform services at in a given day and/or week. Plaintiff and the Class worked when and where the Defendant directed them.

19. On a typical day, Defendant BMV REO directed Plaintiff and the putative class members to come to the BMV REO office every morning.

20. Plaintiff and the putative class members are limited to the job assignments they are assigned by the Defendant.

21. Plaintiff and the putative class members never received any overtime pay for the hours they worked over 40 hours per week. Plaintiff and the putative class members were only paid their fixed hourly rate, regardless of how many hours they worked in any given week.

22. The exact amounts that Plaintiff's pay and the putative class members' pay was less than 1 ½ their regular pay for their overtime compensation in each given week during their employment can be determined in part by Defendant's pay records, which Plaintiff will request during discovery.

23. Plaintiff and the putative class members were employees with Defendants.

24. Plaintiff and the putative class members were "non-exempt" employees under the state and federal wage and hour laws, as nothing about their pay, title, duties, or anything else qualifies them for any exemption under state or federal law.

25. Non-exempt employees are entitled to overtime wages for all hours worked over 40 per week.

26. Plaintiff and the putative were not paid overtime wages for the hours they worked over 40 per week.

### STATE-WIDE CLASS ALLEGATIONS PURSUANT TO ILLINOIS WAGE AND HOUR AND <u>WAGE PAYMENT LAWS</u>

27. Plaintiff seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and on behalf of all other members of the Class who, during the relevant statute of limitations period, have worked for Defendant and who have been aggrieved, with respect to the claims plead in this Complaint.

28. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if:

    a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

    c) The claims or defenses of the representative parties are typical of the claims or defenses to the class;

    d) The representative parties will fairly and adequately protect the interests of the class; and,

    e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### <u>Class Definitions</u>

29. Plaintiff seeks certification of the following class: all persons who at any point in the last 3 years were (a) Illinois residents, (b) performed services for BMV REO; (c) treated as independent contractors; (d) not paid overtime.

### **Numerosity**

30. Plaintiff satisfies the numerosity requirements as the proposed classes consist of potentially one hundred class members. The proposed class includes all persons employed by Defendant in Illinois who were treated as independent contractors by the Company and who were not paid overtime wages. Since Defendant has numerous employees that were injured by Defendants' actions the class will likely include more than 100 members. The proposed class can be identified and located using Defendant's payroll and personnel records. Therefore, the class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

### Common Questions of Fact or Law

31. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The common questions of law and fact arising from Defendants' actions include, without limitation, the following:

    a) Whether the class members have been misclassified as independent contractors;

    b) Whether class members share similar job duties;

    d) Whether Defendant paid Class members overtime;

    e) Whether Plaintiff and the Class regularly worked in excess of 40 hours per week;

    f) Whether Defendant's practices violated the overtime and minimum wage provisions of the Federal and Illinois Wage and Hour Laws; and

    g) Whether Defendant's failure to pay overtime has been willful.

32. The questions set forth above predominate over any questions affecting only individual persons and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

33. Plaintiff's claims are typical of the claims of the members of Class. Plaintiff suffered similar injuries as those suffered by other members of the Class she seeks to represent as a result of Defendant's illegal activities as described herein.

### Adequacy

34. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of the class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by the Plaintiff and his designated counsel. Plaintiff has hired competent attorneys who are experienced in class-action litigation of this type and who are committed to prosecuting this action.

### Superiority

35. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class-action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

### COUNT I
### VIOLATION OF THE ILLINOIS WAGE HOUR LAWS

## **FAILURE TO PAY OVERTIME WAGES**

36. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

37. The Illinois Minimum Wage Act provides that unless exempt, an employee must be paid by an employer overtime wages equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff and the Class were not exempt.

38. By the above-alleged conduct, Defendant failed to pay the members of Class compensation, including overtime compensation, as required by the Illinois law.

39. The members of Class were not exempt from the payment of these wages pursuant to Illinois wage hour laws.

40. Defendant acted willfully in violating Illinois Law and the members of Class were damaged by Defendant's wrongful conduct as alleged herein.

## **COUNT II**
## **FAIR LABOR STANDARDS ACTION, 29 U.S.C. § 201 ET SEQ.,**
## **UNPAID WAGES/OVERTIME**

41. Plaintiff repeats and re-alleges paragraphs 1 through 15 as though fully set forth herein.

42. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff and the Class regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiff and other similarly situated class members by intentionally willfully and improperly designating them as exempt from the FLSA.

43. The foregoing actions of Defendant constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

44. Defendant is liable to Plaintiff and the similarly situated class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the Class;

2. Order the disgorgement of all monies improperly obtained by Defendants;

3. Enter an order declaring that the Defendants willfully violated the overtime provisions of the Illinois Minimum Wage Act and the Fair Labor Standards Act;

4. Award Plaintiff and the Class damages in the amount of overtime wages required by the Illinois Minimum Wage Act improperly denied them by the Defendant's actions;

5. Award Plaintiff and the Class liquidated damages under state and federal law;

6. Award Plaintiff and the Class punitive damages, prejudgment interest, and post-judgment interest;

7. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

8. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues for which a jury trial may be had.

Dated: January 18, 2018                                        Respectfully submitted,

**NESTOR QUEZADA**

By:     /s/ Terrence Buehler      
One of his Attorneys
Terrence Buehler
THE LAW OFFICE OF TERRENCE BUEHLER
20 North Clark Street
Suite 800
Chicago, Illinois 60602
(312)371-4385
tbuehler@tbuehlerlaw.com